STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| R. CAMOU,<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT LUNA, KATHRYN BARGER, JANICE HAHN, HOLLY MITCHELL, HILDA SOLIS, LINDEY HORVATH, HUGO MACIAS,** and **10 UNKNOWN NAMED DEFENDANTS, 1-10**,<br>Defendants. | 2:24-cv-05748-SPG(AJRx)<br><br>**THIRD AMENDED COMPLAINT**<br><br>(Police Brutality and Thuggery, "Horrific" Mens' Central Jail Conditions, for Damages for Civil Rights Violations, 42 U.S.C. § 1983)<br><br>**JURY DEMAND**<br><br>Judge Sherilyn Peace Garnett |

Plaintiff makes the following allegations, in support of the this third amended complaint:

**JURISDICTION AND VENUE**

1. Plaintiff **R. CAMOU** is a person who asserts federal claims under 42 U.S.C. § 1983 against defendants, and subject matter jurisdiction lies pursuant to 28 U.S.C. §§ 1331 and 1343 of the federal claims.

2. The matters that are the bases for this action occurred in Los Angeles County, California, in the Mens' Central Jail, and therefore venue lies in the

1

1  United States District Court for the Central District of California, and in its
2  Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff is a person who has been subjected to police brutality and thuggery, and defendants are **ROBERT LUNA, KATHRYN BARGER, JANICE HAHN, HOLLY MITCHELL, HILDA SOLIS, LINDEY HORVATH, HUGO MACIAS,** who is Chief of the Custody Services Division in command of the General Population of the Los Angeles County Mens' Central Jail, and **10 UNKNOWN NAMED DEFENDANTS**, who all are County of Los Angeles officials, who participated in, or who approved of, condoned, acquiesced in, ratified, who set in motion, who are the moving forces behind, and who are the but for and proximate causes of the harms inflicted on plaintiff, and/or who are otherwise legally responsible for the wrongful acts alleged hereinbelow, whose conduct is culpable, and as to the unknown named defendants, their unknown names will be replaced by their true identities, when those true identities are learned, and they are persons and/or entities whose true names presently are unknown, and who may have engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow. All defendants acted under color of state law, and all engaged in the same wrongful conduct, by participating in, facilitating, and making the decisions that resulted in the wrongs hereinbelow alleged, or who are officials who made official Los Angeles County policy, and/or who are responsible for the County's jail customs, and/or who ratified decisions that deprived plaintiff of his constitutional rights.

4. Defendants, each and all are sued in *both* their individual and official capacities, and in their official capacities when they have an official capacity, but are sued *only* in their official capacities, for the claims made under *Monell v. Dep't*

2

1  *of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which
2  defendants are sued in their official capacities only.
3       5.  Plaintiff is a person who has been brutalized and subjected to thuggery
4  and subjected to constitutional violations by defendants.
5       6.  Defendants and each of them played some material role in the acts and/or
6  omissions alleged hereinbelow, and in the setting of policies of the County as to
7  its jails, and their unconstitutional policies, practices, procedures, and customs
8  were the moving forces behind the constitutional violations inflicted on plaintiff.

## ALLEGATIONS COMMON TO EACH COUNT

     7.  Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

     8.  All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

     9. The plaintiff in this action, over the past five years, since July 30, 2019, has suffered from and was injured by various, intolerably bad, unconstitutional conditions of confinement at the Los Angeles County Mens' Central Jail ("the Jail"), that caused plaintiff to suffer both physical and mental pain, and those bad conditions included, *inter alia*, the following:

9.1. Bad plumbing, with broken toilets in plaintiff's numerous cells, over-flowing with human shit and piss, all over the floors in his cells, which

3

sometimes went on and destroyed plaintiff's property and belongings, and which had to be cleaned-up by plaintiff, with limited cleaning supplies and blankets from his bed.

9.2. Roaches were all over plaintiff's ells that he lived in, which he had to kill, and he was woken up in the middle of the night, with roaches in his beds, crawling on him.

9.3. There were several times that plaintiff went without eating dinner, because he was not fed, by deputies who were supposed to feed him.

9.4. On Aug. 31, 2024, at 10:00 a.m., plaintiff was visited by his parents, and thereafter plaintiff and three other prisoners were trapped in a row in the visiting room without access to a toilet when the Jail went on lockdown; plaintiff yelled-out multiple times that to defecate but no deputy came to address this situation so that plaintiff was trapped with no toilet available and plaintiff was forced to defecate into a plastic bag that he found and wipe off his anus with the trash that had been inside the bag (a camera on the ceiling captured this), the stench was horrible, and plaintiff was fearful for his safety because three other prisoners also were trapped there and subjected to the stench that had been created. Plaintiff made an oral complaint to a sergeant on the way out, but that only led to plaintiff being taken to the hole (solitary confinement) for allegedly disrespectful conduct toward staff. As a result of all of this, plaintiff now is made fun of by other prisoners who learned of it.

9.5. Beginning on May 5, 2023, plaintiff's constitutional right to medical care, under *Estelle v. Gamble*, 429 U.S. 97 (1976), because defendants were deliberately indifferent to plaintiff's serious medical needs, based on Jail policies and customs, in that plaintiff's filling fell out of his molar, exposing the

4

nerve therein, causing plaintiff severe, excruciating pain in the side of his jaw and into his neck, and with food getting stuck in the hole, causing more pain. Plaintiff complained to deputies, who would do nothing about it and who did not seek medical care for plaintiff. *See* Exhibit 2 hereto, whose contents are incorporated herein by this reference.

9.6 Attached hereto and incorporated herein by this reference as Exhibit 1 are various Inspection Reports of the County of Los Angeles Sybil Brand Commission and articles in the Los Angeles Times that set forth the unconstitutional conditions of confinement at the Jail and that provide evidence of those conditions and that the Supervisor defendants must have known of those conditions and took no actions to remedy those conditions, and their inactions, pursuant to *Cabrales v. Cnty. of Los Angeles* were the moving forces behind the conditions.

9.7 Attached hereto and incorporated herein by this reference as Exhibit 3 are facts about the Jail that provide evidence of those conditions and that all of the defendants must have known of those conditions and took no actions to remedy those conditions, and their inactions, pursuant to *Cabrales v. Cnty. of Los Angeles* were the moving forces behind the conditions.

9.8. Attached hereto and incorporated herein by this reference as Exhibit 4 are Los Angeles Times articles that contain facts about the Jail that provide evidence of those conditions and that all of the defendants must have known of those conditions and took no actions to remedy those conditions, and their inactions, pursuant to *Cabrales v. Cnty. of Los Angeles* were the moving forces behind the conditions.

10. The defendants each and all are legally liable for all of the conduct set forth in averment 9 because, with deliberate indifference, they caused it, ratified it,

condoned it, acquiesced in it, or otherwise made it possible, by their actions and/or inactions, and caused and/or created Jail policies, practices, procedures, and/or customs, that caused the unconstitutional Jail conditions and conduct to exist and to continue to exist, and because all of them failed in their duty to train police in proper, allowable, constitutional policing and jail procedures, and their failures amounted to deliberate indifference to the rights of persons subjected to the "horrific" callousness and conditions in the Jail. The contents of the Los Angeles Times June 5, 2024 article, in particular, "Inmate hung a noose. Jailers too busy watching 'explicit video' to intervene, inspectors say," Exhibit hereto, which report on the "horrific" conditions in the Los Angeles County Mens' Central Jail, are incorporated herein by this reference. Their conduct and inaction was the moving force behind and set in motion all of the unconstitutional conduct and conditions of confinement.

## COUNT ONE
(Against All Defendants, 42 U.S.C. § 1983)

11. Plaintiff realleges specifically the allegations set forth in averments 9 & 10, hereinabove, and, by virtue thereof, all defendants are liable to plaintiff, pursuant to 42 U.S.C. 1983, for violation of plaintif's Fourth, Eighth, and Fourteenth Amendment rights, not to be subjected to "horrific" jail conditions.

12. The defendants are responsible for the these violations because they all set the policies and accepted the customs of the Jail, among which were unconstitutional, brutalization of citizens, and plaintiff herein were subjected to such brutalization and thuggery.

13. The County officials who are defendants are responsible for the constitutional violations because they, each and all, set the policies and were responsible for and accepted the customs of the Jail and Sheriff's Department that have been ratified, approved of, condoned, and acquiesced in by these defendants,

6

and their policies and customs and their inactions were the moving forces behind the alleged constitutional violations that are alleged.

**COUNT TWO**
(Sec. 1983, *Monell*)

14. "[When] the complaint plausibly alleges a policy, custom, or practice leading to that violation[, s]*ee Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)[,] [and] Plaintiffs' allegations amount to . . . more than an 'isolated or sporadic incident[ ]' that . . . forms the basis f *Monell* liability for an improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)." *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2001). Herein, all defendants are liable to plaintiff because they had and have, and foster, policies, practices, procedures, and customs that are constitutional violations, which policies, *etc.*, in violation of the Constitution, were the moving forces that caused the violations of the plaintiff's rights, as alleged herein.

15. Additionally, defendants for many years have been aware of and permit and condone that they permit their Sheriffs to not properly administer the Jail, so the successive Sheriffs feel free and licensed to violate the Constitution and here did so, and these defendants have failed to investigate what occurred in this matter, and to take action against the Sheriff, and thereby approved of it, condoned it, approved of it, and ratified it, with a meeting of their minds that this would occur.

16. The Supervisor defendants are aware that the Sheriff customarily violates prisoners' constitutional rights, and they have approved of such conduct and condoned it and ratified it, as they have done in this instance.

17. This is their policy and custom, to do so.

//
//

7

**COUNT FIVE**
(Against All Defendants Under § 1983)

18. Defendants have engaged in conduct to cover-up the horrible Jail conditions, and thereby interfered with plaintiff's federal constitutional right of access to the state and federal courts.

**WHEREFORE**, plaintiff requests relief against each defendant as follows:

1.  Compensatory damages $1,000,000, against each defendant in their individual and official capacities;

2.  Punitive damages on all non-*Monell* claims, in sums to be determined by a jury, and as a percentage of the net worth of each defendant, in sums sufficient to deter future misconduct, and not less than $10,000,000 per defendant;

4. The costs of action and interest;

5.  Attorneys' fees; and,

6.  Such other relief as is just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

By:  /s/  Stephen Yagman
     **STEPHEN YAGMAN**