ANDREW BAUM - State Bar No. 190397
abaum@glaserweil.com
ALAINA BIRD - State Bar No. 318044
abird@glaserweil.com
GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Defendants*
*Robert Luna, Kathryn Barger, Janice Hahn,*
*Holly Mitchell, Hilda Solis, Lindsey Horvath,*
*and Hugo Macias*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| R. CAMOU,<br><br>             Plaintiff,<br><br>v.<br><br>ROBERT LUNA, KATHRYN BARGER, JANICE HAHN, HOLLY MITCHELL, HILDA SOLIS, LINDSEY HORVATH, HUGO MACIAS, and 10 UNKNOWN NAMED DEFENDANTS, 1-10,<br><br>             Defendants. | CASE NO. 2:24-cv-05748-SPG-AJR<br><br>Hon. Sherilyn Peace Garnett<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Glaser Weil

2325050

Defendants Robert Luna, Kathryn Barger, Janice Hahn, Holly Mitchell, Hilda Solis, Lindsey Horvath, and Hugo Macias ("Defendants"), by and through their undersigned counsel of record, hereby admit, deny, and answer Plaintiff R. Camou's ("Plaintiff") Third Amended Complaint ("TAC") filed on November 17, 2024 as follows:

## JURISDICTION AND VENUE

1.      In response to paragraph 1 of the TAC, Defendants deny each and every allegation set forth in paragraph 1 on the basis that they set forth legal conclusions.

2.      In response to paragraph 2 of the TAC, Defendants admit that the County of Los Angeles is in the Central District of California. Defendants deny each and every remaining allegation set forth in paragraph 2 on the basis that they set forth legal conclusions.

## THE PARTIES

3.      In response to paragraph 3 of the TAC, Defendants admit that Defendant Robert Luna is currently Sheriff of Los Angeles County; Defendant Hugo Macias is currently the Chief of Custody Services Division, General Population for the Los Angeles County Sheriff's Department; and Defendants Kathryn Barger, Janice Hahn, Holly Mitchell, Hilda Solis, and Lindsey Horvath are currently members of the Los Angeles County Board of Supervisors. To the extent that the remaining allegations set forth legal conclusions, Defendants deny each and every such allegation. As to any remaining allegations, Defendants deny each and every one.

4.      In response to paragraph 4 of the TAC, Defendants deny each and every allegation set forth in paragraph 4 on the basis that they set forth legal conclusions. Defendants further respond that the United States Supreme Court's opinion in *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978) speaks for itself, and Defendants deny any mischaracterization thereof.

2325050

5.  In response to paragraph 5 of the TAC, Defendants deny each and every allegation set forth in paragraph 5 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

6.  In response to paragraph 6 of the TAC, Defendants deny each and every allegation set forth in paragraph 6 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

## ALLEGATIONS COMMON TO EACH COUNT

7.  In response to paragraph 7 of the TAC, Defendants acknowledge that Plaintiff is repleading his other allegations. Accordingly, Defendants incorporate their other responses as relevant.

8.  In response to paragraph 8 of the TAC, Defendants deny each and every allegation set forth in paragraph 8 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

9.  In response to paragraph 9 of the TAC, Defendants deny each and every allegation set forth in paragraph 9 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny each and every allegation.

10.  In response to paragraph 9.1 of the TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny each and every allegation.

11.  In response to paragraph 9.2 of the TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny each and every allegation.

12.  In response to paragraph 9.3 of the TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny each and every allegation.

**Glaser Weil**

13.    In response to paragraph 9.4 of the TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny each and every allegation.

14.    In response to paragraph 9.5 of the TAC, Defendants deny each and every allegation set forth in paragraph 9.5 to the extent that they set forth legal conclusions. Defendants further respond that the United States Supreme Court's opinion in *Estelle v. Gamble*, 429 U.S. 97 (1976) and the documents purportedly incorporated by reference and designated Exhibit 2 speak for themselves, and Defendants deny any mischaracterization thereof. As to the remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny each and every allegation.

15.    In response to paragraph 9.6 of the TAC, Defendants deny each and every allegation set forth in paragraph 9.6 to the extent that they set forth legal conclusions. Defendants further respond that the case law referred to as *Cabrales v. Cnty. of Los Angeles* and the documents purportedly incorporated by reference and designated Exhibit 1 speak for themselves, and Defendants deny any mischaracterization thereof. As to any remaining allegations, Defendants deny each and every one.

16.    In response to paragraph 9.7 of the TAC, Defendants deny each and every allegation set forth in paragraph 9.7 to the extent that they set forth legal conclusions. Defendants further respond that the case law referred to as *Cabrales v. Cnty. of Los Angeles* and the documents purportedly incorporated by reference and designated Exhibit 3 speak for themselves, and Defendants deny any mischaracterization thereof. As to any remaining allegations, Defendants deny each and every one.

17.    In response to paragraph 9.8 of the TAC, Defendants deny each and every allegation set forth in paragraph 9.8 to the extent that they set forth legal conclusions. Defendants further respond that the case law referred to as *Cabrales v. Cnty. of Los Angeles* and the documents purportedly incorporated by reference and designated

3

2325050

Exhibit 4 speak for themselves, and Defendants deny any mischaracterization thereof. As to any remaining allegations, Defendants deny each and every one.

18.    In response to paragraph 10 of the TAC, Defendants deny each and every allegation set forth in paragraph 10 to the extent that they set forth legal conclusions. Defendants further respond that the June 5, 2024 Los Angeles Times article purportedly incorporated by reference speaks for itself, and Defendants deny any mischaracterization thereof. As to any remaining allegations, Defendants deny each and every one.

<u>**COUNT ONE**</u>

**(Against All Defendants, 42 U.S.C. § 1983)**

19.    In response to paragraph 11 of the TAC, Defendants acknowledge that Plaintiff is repleading his prior allegations in paragraphs 9 and 10. Accordingly, Defendants incorporate their responses to paragraphs 9 and 10 as relevant. Defendants deny each and every allegation set forth in paragraph 11 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

20.    In response to paragraph 12 of the TAC, Defendants deny each and every allegation set forth in paragraph 12 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

21.    In response to paragraph 13 of the TAC, Defendants deny each and every allegation set forth in paragraph 13 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

<u>**COUNT TWO**</u>

**(Sec. 1983, *Monell*)**

22.    In response to paragraph 14 of the TAC, Defendants deny each and every allegation set forth in paragraph 14 to the extent that they set forth legal conclusions. Defendants further respond that the United States Supreme Court and Ninth Circuit opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Trevino v. Gates*, 99 F.3d 911 (9th

4

Cir. 1996); and *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193 (9th Cir. 2001) speak for themselves, and Defendants deny any mischaracterization thereof. As to any remaining allegations, Defendants deny each and every one.

23.    In response to paragraph 15 of the TAC, Defendants deny each and every allegation set forth in paragraph 15 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

24.    In response to paragraph 16 of the TAC, Defendants deny each and every allegation set forth in paragraph 16 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

25.    In response to paragraph 17 of the TAC, Defendants deny each and every allegation set forth in paragraph 17 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

## <u>COUNT FIVE[1]</u>

### (Against All Defendants Under § 1983)

26.    In response to paragraph 18 of the TAC, Defendants deny each and every allegation set forth in paragraph 18 to the extent that they set forth legal conclusions. As to any remaining allegations, Defendants deny each and every one.

## <u>AFFIRMATIVE DEFENSES</u>

Defendants assert the following separate and independent affirmative defenses to the TAC and the causes of action alleged therein. By labeling these as "Affirmative Defenses," Defendants do not intend to assume, and do not assume, any additional burden of proof or persuasion beyond those accorded to them by applicable law.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and distinct affirmative defense, the TAC fails to state facts

---

[1] Plaintiff's causes of action are not consecutively numbered. Defendants adopt the TAC's numbering for consistency.

sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutory Immunity)

As a separate and distinct affirmative defense, public entities and employees are immune from liability for injury, whether caused by the act or omission of the public entity, an employee thereof, or any other person, except as expressly provided by statute.

## THIRD AFFIRMATIVE DEFENSE

### (No Proximate Cause)

As a separate and distinct affirmative defense, any action or omission to act on Defendants' part, or any action or omission to act on the part of any person or any entity for whose actions or omissions Defendants are (or may be established to be) legally responsible, did not actually or proximately cause or contribute in any manner or to any degree, to any losses or damages for which recovery is sought by Plaintiff in the TAC.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and distinct affirmative defense, Plaintiff's TAC, and each and every claim contained therein, is barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and distinct affirmative defense, Plaintiff's TAC, and each and every claim contained therein, is barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and distinct affirmative defense, Plaintiff's TAC, and each and every claim contained therein, is barred pursuant to the doctrine of unclean hands.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

2325050

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a separate and distinct affirmative defense, Plaintiff's TAC, and each and every claim contained therein, is barred pursuant to the equitable doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As a separate and distinct affirmative defense, Plaintiff is estopped by his own acts or omissions from recovery against Defendants for the claims asserted in the TAC.

**NINTH AFFIRMATIVE DEFENSE**

**(Injury Caused By Other Persons or Entities)**

As a separate and distinct affirmative defense, Plaintiff's alleged injury, if any, contained in the TAC, was caused by persons and/or entities other than Defendants who failed to exercise ordinary care, caution, prudence, and were negligent, or acted wrongfully in their dealings with Plaintiff, and that at all times, said persons or entities were acting without consent, authorization, knowledge, and/or ratification of Defendants. Accordingly, any recovery against Defendants by Plaintiff, if any, must be precluded and/or reduced in a proportionate amount to the fault on the part of such other persons and/or entities.

**TENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

As a separate and distinct affirmative defense, to the extent that Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence, and damages, if any, should be reduced in direct proportion to his fault.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

As a separate and distinct affirmative defense, the conduct, if any, which is the subject of Plaintiff's TAC, was absolutely and/or conditionally legally privileged, and/or justified. Further, all actions by Defendants were in good faith and reasonable.

2325050

Glaser Weil

**Glaser Weil**

### TWELFTH AFFIRMATIVE DEFENSE

### (Independent, Intervening, and Superseding Cause)

As a separate and distinct affirmative defense, on or about the time, date, and place alleged in Plaintiff's TAC, the conduct of Plaintiff and/or third persons was of such a nature as to constitute an independent, intervening, and superseding cause, which was the sole proximate cause of the injuries and damages allegedly suffered by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate and distinct affirmative defense, all causes of action set forth in Plaintiff's TAC are barred because Plaintiff failed to take reasonable steps to mitigate his alleged harm.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Immunity)

As a separate and distinct affirmative defense, Defendants are not liable as they have sovereign, quasi-judicial, qualified, and/or other immunity from the claims set forth in Plaintiff's TAC.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

As a separate and distinct affirmative defense, all causes of action set forth in Plaintiff's TAC are barred by way of the doctrine of qualified immunity.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Violation of Rights)

As a separate and distinct affirmative defense, Defendants are shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

2325050

**Glaser Weil**

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel and Res Judicata)

As a separate and distinct affirmative defense, the TAC, and each claim contained therein, is barred by the doctrines of collateral estoppel and res judicata.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

As a separate and distinct affirmative defense, the TAC, and each claim contained therein, is barred due to Plaintiff's failure to exhaust administrative and/or other mandatory remedies prior to filing suit.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Preemption)

As a separate and distinct affirmative defense, the TAC, and each claim contained therein, is barred by the doctrine of preemption.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Liability for Actions of Non-Policymakers)

As a separate and distinct affirmative defense, Defendants are not liable for alleged violations by non-policymakers of civil or constitutional rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

As a separate and distinct affirmative defense, Defendants state that other defenses may exist as to Plaintiff's TAC, and that Defendants do not waive, but rather reserve the right to assert these defenses.

### <u>PRAYER FOR RELIEF</u>

Defendants request that the Court enter judgment in their favor and against Plaintiff as follows:

1.      That Plaintiff take nothing by his TAC and that judgment be entered in favor of Defendants;

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

2325050

1      2.     That Defendants be awarded their costs of suit incurred herein, including,

2  but not limited to, reasonable attorneys' fees; and

3      3.     For such other and further relief, whether legal or equitable, as the Court

4  deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on all causes of action and issues presented in this action.

DATED:  December 12, 2024

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP


By: */s/ Andrew Baum*
    ANDREW BAUM
    ALAINA BIRD

*Attorneys for Defendants*
*Robert Luna, Kathryn Barger, Janice Hahn,*
*Holly Mitchell, Hilda Solis, Lindsey*
*Horvath, and Hugo Macias*

**Glaser Weil**

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

2325050