UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 2:24-cv-05748-SPG-AJR | | Date | April 23, 2026 |
| Title | Robert Anthony Camou v. County of Los Angeles et al | | | |

Present: The Honorable  **SHERILYN PEACE GARNETT**
**UNITED STATES DISTRICT JUDGE**

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceeding:**  **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**

Pursuant to the Court's Standing Order on Motions for Summary Judgment, parties must generally file a joint brief in connection with any motion for summary judgment. *See* (ECF No. 38 § A.2). Defendants have repeatedly attempted to jointly brief a motion for summary judgment with Plaintiff. *See* (ECF No. 60-1); *see also* (ECF No. 62-3). However, Plaintiff's counsel, Stephen Yagman, is suffering from a serious medical issue and has not participated in the joint briefing process. *See* (ECF No. 62-3); *see also* (ECF No. 61). In an order on December 2, 2025, based on the Court's understanding that Plaintiff is currently incarcerated and in recognition that Plaintiff represented himself in this litigation before Mr. Yagman's appearance, the Court ordered that it would "afford Plaintiff an additional opportunity to participate in the joint briefing process." (ECF No. 61 at 2). However, the Court held that Defendants could file a unilateral motion for summary judgment if Plaintiff failed to participate in the joint briefing by January 28, 2026. *See* (*id.*).

Defendants have now filed a unilateral motion for summary judgment, (ECF No. 62), supported by a declaration detailing Defendants' efforts to secure Mr. Yagman's cooperation in jointly briefing a motion for summary judgment, *see* (ECF No. 62-3). Defendants' motion for summary judgment is unopposed. The hearing is currently scheduled for April 22, 2026. However, in light of the totality of the circumstances, the Court finds good cause to continue the hearing to May 27, 2026 at 1:30 p.m. The Court further orders Plaintiff to show cause, at an in-person hearing on May 13, 2026, at 3:00 p.m., why the Court should not dismiss this action for lack of prosecution. Plaintiff and Mr. Yagman are both ordered to appear at the hearing. Failure to appear may result in sanctions, up to and including dismissal of this action.
**IT IS SO ORDERED.**

_____  :  _____
Initials of Preparer   pg